UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **NOLAN V. DAVIS, SR.** | : | **CIVIL ACTION NO.** 2:12-CV-2876 |
| | | SECTION P |
| **VERSUS** | : | **JUDGE MINALDI** |
| **LA. DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS, ET AL** | : | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM ORDER**

Before the court is a Motion for Preliminary Injunction [Doc. 9] by plaintiff, Nolan C. Davis, Sr.[1] For the reasons discussed herein, the motion is **DENIED**.

In his underlying suit, plaintiff contends that defendants have failed to provide him sinus medication that was prescribed by a doctor at his previous place of incarceration. He seeks damages and injunctive relief. Doc. 1. Plaintiff now moves for preliminary injunctive relief so as to receive his prescribed medication. Doc. 9.

To establish an actionable constitutional violation, plaintiff must prove that defendants were deliberately indifferent to a serious medical need. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir. 2001). He must show: (1) prison officials were aware of facts from which an inference of substantial risk could be drawn, (2) officials actually drew that inference, and (3) the response by officials indicates that they subjectively intended that harm occur. *Id.* at 458-59.

---

[1] Plaintiff says his motion is for a temporary restraining order as well but, considering the relief requested would extend beyond the ten-day limit, the undersigned will treat the motion exclusively as one for a preliminary injunction. *See Neal v. Fed. Bureau of Prisons*, 76 Fed. Appx. 543, 545 (5th Cir. 2003).

In order to receive a preliminary injunction, Davis must prove (1) a substantial likelihood of success on the merits of his case; (2) a substantial threat that failure to grant the order will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause defendants; and (4) the injunction will not have an adverse affect on the public interest. *Women's Med. Ctr. v. Bell*, 248 f.3d 411, 418–20 (5th Cir. 2001). Davis must prove all four elements, and the failure to prove any one of the elements will result in denial of the motion. *Enterprise Intern, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985).

Plaintiff argues that there is a substantial likelihood that he will be successful on the merits because the U.S. Supreme Court has specifically identified interference with prescribed medical treatment as a specific example of "deliberate indifference" which violates the constitution. Doc. 9, pp. 5–6. He submits that the failure to provide him with the prescribed medication will cause irreparable harm in the form of aggravated allergies and discomfort. Doc. 9, p. 4. Plaintiff further submits that the balance of hardship weighs in his favor as the administration of medication is the routine business of the prison. Doc. 9, pp. 4–5. Lastly, plaintiff argues that his request for relief will not damage the public interest. Doc. 9, p. 7.a

Attached to plaintiff's original and amended petition is a copy of the first and second step administrative responses he received from prison officials. The prison response seemingly indicates that plaintiff has been provided an alternative sinus medication that they believed was adequate and appropriate given his symptoms. Doc. 1, Att. 2, p. 3; Doc. 5, Att. 2.

Based on a preliminary assessment of the responses plaintiff received from the prison administration, the court is unable to conclude at this time that there is a "substantial likelihood" that plaintiff will prevail on the merits. Plaintiff rightly shows that the jurisprudence recognizes

-3-

that prison officials are obligated to provide prescribed medication. However, plaintiff has failed to demonstrate that defendants subjectively intend to cause him harm.

The court does not conclude that plaintiff's claims are necessarily meritless; rather, plaintiff has not met the burden of demonstrating that the likelihood of his success is substantial. The court will be better able to gauge whether Gauthier enjoys a substantial probability of succeeding on the merits of his case as its initial review of the case progresses.

THUS DONE this 25th day of February, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE