-1-

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **NOLAN C. DAVIS, SR.**<br>**#222989** | **CIVIL ACTION NO. 12-2876-LC**<br>**SECTION P** |
| **VERSUS** | |
| | **JUDGE MINALDI** |
| **LOUISIANA DEPARTMENT OF**<br>**PUBLIC SAFETY AND CORRECTIONS, ET AL** | **MAGISTRATE KAY** |

## REPORT AND RECOMMENDATION

Before the court is Nolan C. Davis, Sr.'s *pro se* civil rights complaint filed *in forma pauperis* on November 8, 2012.  Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC), and is incarcerated at Allen Correctional Center (ACC) in Kinder, Louisiana.  As defendants plaintiff names the following: LDOC; GEO Group, Inc.; ACC Medical Director Angela Easom; ACC Deputy Warden Keith Cooley; ACC Warden Terry Terrell; and, ACC Nurse Practitioner Demika Harmon.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

### *Statement of the Case*

Plaintiff states that his civil rights have been violated as he has not been given the sinus medication prescribed for him while housed at a previous prison facility.  More specifically, he was transferred to ACC on May 7, 2012.  During his medical examination on May 9, 2012, he asked defendant Harmon about a sinus inhaler previously prescribed for him.  Plaintiff states that Harmon told him that he was not going to get the inhaler.

On May 17, 2012, plaintiff submitted a request for the medication and received a response that same evening stating that defendant Easom was going to review his medical chart. A first step grievance response dated June 15, 2012, notes:

> Health Services Administrator, Angela Easom has reviewed offender's request for administrative remedy.  Offender is requesting the sinus medication that he was transferred here with.  Mrs. Easom states that the Nurse Practitioner stated in the progress notes on 5/17/2012 offender did not require Flornare on assessment.  Offender is being treated with zyrtec for his sinus problems.  His medical records reflect that offender has received adequate and appropriate medical care and his claim and request for relief are denied.

Doc. 1-2, p. 3.

Plaintiff states that on June 26, 2012, he made a sick call request because his draining sinuses caused a throat infection.  He was treated with Benadryl and cough syrup.  Plaintiff claims that since he is only being treated with Zyrtec his sinus problems have led to other health problems.

In an amended complaint filed on April 8, 2013 plaintiff contends that on March 25, 2013 a nurse came to his cell block and gave him nasal spray and told him that his prescription was changed to Claritin.  Following this, plaintiff claims that his allergies worsened.

Plaintiff contends that the above actions of the defendants constitute cruel and unusual punishment and amount to deliberate indifference to his serious medical needs.  As relief, he seeks medical treatment and compensatory and punitive damages.

### *Law and Analysis*

*Frivolity Review:*

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. Under 28 U.S.C. §1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may

be granted. See, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

*Plainitiff's Claim:*

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. §1983. Thus, an initial inquiry in a lawsuit filed under §1983 is whether plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under §1983. In order to hold the defendants liable under 42 U.S.C. §1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. See *Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985).

The court is convinced that plaintiff has presented the best case which could be presented by him under the circumstances, and that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a

claim for relief, that his claims are frivolous as a matter of law, and that his complaint should therefore be dismissed with prejudice.

Plaintiff claims that defendants were deliberately indifferent to his serious medical needs. Medical care claims asserted by convicted prisoners, like plaintiff, are analyzed under the Eighth Amendment's prohibition of cruel and unusual punishment. In order to prevail on such claims, convicted prisoners must establish that the refusal or delay in providing medical care was "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Deliberate indifference in the context of the failure to provide reasonable medical care means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that they subjectively intended that harm occur. *Id.* at 458-59. "[T]he failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).

The fact that a plaintiff disagrees with what medical care is appropriate or with the course of treatment offered by the medical staff does not state a claim of deliberate indifference to serious medical needs. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). In *Woodall v. Foti*, 648 F.2d. 268, 272 (5th Cir. 1981), the Fifth Circuit Court of Appeals stated that the test

in balancing the needs of the prisoner versus the needs of the penal institution is one of medical necessity, not of desirability. The fact that a plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. Prisoners are not constitutionally entitled to the best medical care that money can buy. *Woodall, supra.* Merely alleging a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado v. Lynaugh*, 920 F.2d 320, 321(5th Cir. 1992). Furthermore, the fact that plaintiff continues to suffer from pain is insufficient to establish that a constitutional violation has occurred. *Mayweather v. Foti,* 958 F.2d 91 (5th Cir. 1992).

In the instant case, the information contained in plaintiff's complaint shows that plaintiff received substantial medical treatment, including medical examinations and medication. Plaintiff's allegations, at most, state a disagreement amongst him and the medical staff regarding the procedures to treat his medical problems. As previously stated, claims such as those made by plaintiff are insufficient to establish that a constitutional violation has occurred. Absent a constitutional violation, federal courts are generally reluctant to interfere in the internal affairs of a prison. *See Shaw v. Murphy*, 121 S.Ct. 1475 (2001); *Procunier v. Martinez*, 94 S.Ct. 1800 (1974). The decision regarding plaintiff's treatment is best left to the prison officials. The facts of this matter clearly do not demonstrate that the defendants refused to treat him, ignored his complaints, intentionally treated him incorrectly or wantonly disregarded plaintiff's medical needs. The evidence before the court simply does not support a finding of deliberate indifference.

Accordingly, this court finds that plaintiff's medical care claims should be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint **be DENIED AND DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief can be granted in accordance with 28 U.S.C.1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 5th day of August, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE